UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCOTT F., *Plaintiff*, | ) | |
| v. | ) | No. 1:21-cv-02065-JMS-DLP |
| FRANK J. BISIGNANO, *Commissioner of Social Security*, *Defendant*. | ) | |

**ORDER**

Plaintiff Scott F. sought review of a decision by the Commissioner of the Social Security Administration ("SSA") denying him benefits, and the Court remanded the case to the SSA after considering the parties' arguments. [Filing No. 1; Filing No. 16.] Scott F. has now filed a Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b), which is ripe for the Court's consideration. [Filing No. 22.]

## I. Background

On December 31, 2019, Scott F. filed a Complaint seeking judicial review of a January 28, 2019 decision by an Administrative Law Judge ("ALJ") denying him benefits. [Case No. 1:19-cv-5064-TWP-DML.] On March 3, 2020, a District Court granted the parties' joint motion to remand the case. [Filing No. 9-10 at 30.] On February 24, 2021, the ALJ conducted another hearing, [Filing No. 9-9 at 25-42], and on March 23, 2021, she issued another decision concluding that Scott F. was not disabled, [Filing No. 9-9 at 5-16].

On July 20, 2021, Scott F. filed this civil action requesting review of the denial of benefits pursuant to 42 U.S.C. § 405(g). [Filing No. 1.] He filed his opening brief in support of his Complaint on January 18, 2022, [Filing No. 11], the Commissioner filed his response brief on

March 8, 2022, [Filing No. 13], and Scott F. filed his reply brief on April 5, 2022, [Filing No. 14]. On June 30, 2022, the Court issued an Order reversing the ALJ's decision denying Scott F. benefits and remanding the matter to the SSA. [Filing No. 16.] On October 13, 2022, the Court awarded Scott F. $2,190.37 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). [Filing No. 21.][1]

On remand, the ALJ issued a favorable decision awarding Scott F. past-due benefits totaling $118,719.00. [*See* Filing No. 23 at 2.] On July 17, 2026, Scott F.'s counsel moved the Court pursuant to 42 U.S.C. § 406(b) to authorize attorneys' fees for his federal court representation of Scott F. in the amount of $29,679.75, which represents 25% of the total past-due benefits awarded to Scott F. – the percentage that Scott F. contracted to pay his counsel if his counsel obtained a favorable outcome. [Filing No. 22; Filing No. 23-1.]

## II.
## Legal Standard

Section 406(b) of the Social Security Act provides that a Court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010). Even where

[1] Scott F.'s counsel never received the EAJA fees because they were applied to an existing state debt owed by Scott F. [*See* Filing No. 23-5.]

an attorney's § 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the claimant's counsel to show that the requested fee award is reasonable. *See Caldwell v. Berryhill*, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

## III.
## DISCUSSION

Scott F.'s counsel notes that Scott F. contracted with him to pay 25 percent of past due benefits if counsel obtained a favorable outcome and that Scott F. received $118,719.00 in past due benefits. [Filing No. 23 at 4.] He asserts that fee recovery was contingent, that "[c]ivil actions for Social Security claimants possess a substantial risk of loss," and that it was uncertain whether Scott F. would be awarded benefits on remand. [Filing No. 23 at 4.] Counsel argues that the requested fee "is considerably less than a typical contingent fee recovery," and that his firm spent a total of 9.9 hours of attorney time on the civil litigation which equates to a fee of approximately $2,997.96 per hour. [Filing No. 23 at 5.] Counsel notes that the EAJA fees of $2,190.37 were seized to pay Scott F.'s delinquent debt. [Filing No. 23 at 6.]

In his response, the Commissioner asserts that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $29,679.75," and that "[i]t is for the Court to decide if the request . . . is reasonable under the law." [Filing No. 25 at 1.] The Commissioner requests that the Court order Scott F.'s counsel to refund Scott F. the fees counsel was awarded under the EAJA. [Filing No. 25 at 2.]

Section 406(b)(1) allows a court to award reasonable attorneys' fees, not exceeding 25% of the claimant's past-due benefits, to a claimant's attorney. *O'Donnell v. Saul,* 983 F.3d 950, 957 (7th Cir. 2020). A court may award reasonable attorneys' fees to the claimant's attorney for

successful court representation pursuant to the EAJA or § 406(b)(1), but the claimant's attorney must refund to the claimant the smaller amount of the two awards. *Id.* at 953.

In *Gisbrecht*, the Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht*, 535 U.S. at 795. Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past-due benefits; (2) attorneys' fees are awarded from, not in addition to, the past-due benefits; and (3) attorneys' fees cannot exceed 25% of the past-due benefits. *Id.* However, 25% of the award of past-due benefits is not presumptively reasonable. *Id.* at 808. In determining reasonableness, the Court should focus on factors such as: (1) the quality of the representation; (2) the results achieved by counsel; (3) whether counsel was responsible for any delay that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time expended by counsel and, if so, whether the fee award would be a "windfall[] for [the] lawyer[]." *Id.* at 808 (quotation and citation omitted).

The Court considers the factors set forth in *Gisbrecht* to determine whether the fees that counsel requests are reasonable. The Court finds that Scott F.'s counsel provided quality representation to Scott F. throughout this case, resulting in a favorable decision to Scott F. and an award of substantial benefits. There is no evidence that Scott F.'s counsel was responsible for any delay during the pendency of this case.

Additionally, the Court finds that the fee award is an appropriate amount considering the amount of time counsel expended, the quality of representation, and the risk of representation. Scott F.'s counsel worked 9.9 hours, which results in an hourly rate of $2,997.96 based on counsel's request for fees in the amount of 25% of Scott F.'s benefits award – or $29,679.75. [*See* Filing No. 23-4.] While this high hourly rate gives the Court pause, it does fall within the range of fee awards held to be reasonable in this Circuit. *See, e.g.*, Filing No. 31 in *Jennifer M. A. v. Bisignano*,

Case No. 1:23-cv-00470-MKK-JRS (S.D. Ind. Feb. 3, 2026) (approving hourly rate of $3,493.80); *Andrew F. v. Bisignano*, 2025 WL 5146053, at *2 (Dec. 8, 2025) (approving hourly rate of $2,822.18); *Plummer v. O'Malley*, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving hourly rate of $3,227.48); *Janet H. v. Saul*, 2020 WL 6946471, at *4 (S.D. Ind. Nov. 25, 2020) (approving hourly rate of $3,333.00); *Wattles v. Comm'r of Soc. Sec.*, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) (approving hourly rate between $2,500 and $3,125). The Court finds it significant that Scott F. will receive continued benefits going forward and that his counsel expended additional time representing him before the SSA and has agreed not to seek fees associated with that time. If the Court were to take into account hours spent representing Scott F. before the SSA, counsel's hourly rate may well be much lower. *See Janet H.*, 2020 WL 6946471, at *5 (noting that additional time that counsel spent representing claimant before SSA "would also need to be taken into account," and would yield much lower hourly rate). Further, the Court will not penalize Scott F.'s counsel for efficiently handling Scott F.'s case. *See Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019) ("[I]f a claimant's success on appeal can be attributed to [his] attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time.") (citation and quotation omitted).

In sum, given the effective, efficient, and quality representation that counsel has provided, the Court finds that an award of the $29,679.75 requested in this case is appropriate and would not amount to a windfall, and **GRANTS** Scott F.'s Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b). [Filing No. 22.] This award is made, however, with the understanding that Scott F.'s counsel will not seek further fees under § 406(a). Because the EAJA fees previously awarded were applied to an existing state debt owed by Scott F., [*see* Filing No. 23-5], Scott F.'s counsel is not obligated to return the EAJA fees to Scott F. *See*

161402, at *2 (C.D. Ill. Jan. 21, 2026) ("Plaintiff's counsel also received a $9,837.66 EAJA fee award in 2016. But because that award was offset against Plaintiff's debt to the United States, counsel need not refund any portion of that amount."); *Loar v. Saul*, 2020 WL 3302990, at *1 (N.D. Ind. June 18, 2020) (counsel was not required to refund plaintiff amount of EAJA fee that was used to offset a federal debt owed by plaintiff).

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Scott F.'s Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b). [22.] The Court **ORDERS** the Commissioner to pay **$29,679.75** in attorneys' fees from Scott F.'s past-due benefits directly to Scott F.'s counsel. The award of $29,679.75 represents the final payment of all fees owed in this case under 42 U.S.C. § 406.

Date: 8/18/2026

Jane Magnus-Stinson

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**